Curia, per

O’Neall, J.
The only legal question in this case, is that made by the first and second grounds. In J. & C. Lawton vs. Miller, Mss. Dec. 1820, 2 Rice’s Dig. 46, it was held, that a confession for $2,090, as to which it *42 was understood and agreed that the plaintiffs should furnish to the defendant from time to time goods, and that the payments made by the defendant should be applied to these new contracts, so as to leave the lien of the judgment unimpaired for any balance which might remain due, was good as between the parties. In Livingston & Tracy vs. M'Inlay, Austin & Andrews vs. the same, 16 J. R. 165, where judgments had been confessed to cover present debts and future advances, it was held that they were good and legal. These authorities make it plain that the judgment between the parties is subject to no objection. To make it void against creditors, it must be shewn that it was calculated to defeat, delay, or hinder them. There was in this case no proof justifying this conclusion. Indeed the judgment was not attempted to be set up for any greater sum than the debt actually due at the confession, and for money paid and advances made by the defendant, Dunham, for the Pattersons. So far, there could be no fraud, unless these advances had been colorable merely, or were made with a view of giving to the Pattersons an advantage against their creditors. The questions arising out of this qualification were submitted to the jury, and their finding has negatived them. There can therefore be no pretence of fraud which we can notice.
Every other matter presented by the appeal depends upon the facts, which have been passed upon by the jury, and we perceive no reason to question the correctness of their conclusion. The motion is dismissed.
Richardson, Evans, Butler and Wardlaw, JJ., concurred.